UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,  :
    Plaintiff,  :
       :
  v.  : File No. 1:09-CV-77
       :
State of Vermont,  :
Dennis Duffy,  :
    Defendants.  :

## OPINION AND ORDER
(Papers 7, 8, 11, 12, 13, 15 and 16)

Plaintiff James Burke, a Vermont inmate proceeding *pro se*, brings this action claiming that Officer Dennis Duffy of the Burlington Police Department violated his constitutional rights by withholding evidence and making false statements. Pending before the Court is the State of Vermont's motion to dismiss, as well as cross-motions for summary judgment filed by Burke and Officer Duffy. Also pending are Burke's four motions to amend the complaint.

For the reasons set forth below, the motion to dismiss is GRANTED, Duffy's motion for summary judgment is GRANTED, Burke's motion for summary judgment is DENIED, and Burke's motions for leave to amend are DENIED.

## Factual Background

Burke's claims arise out of two separate arrests and prosecutions. Officer Duffy was a detective with the Chittenden

Unit for Special Investigations at the time, and was involved in both arrests.

In the first case, Burke was charged with contributing to the delinquency of a minor, furnishing alcohol to a minor, and disseminating indecent materials to a minor. The charges "were based on a sixteen-year-old girl's allegations that defendant, who was a boarder at her mother's home, invited her into his room, gave her an alcoholic drink, smoked marijuana with her, and then showed her computer images of older men having sex with teenaged girls." State v. Burke, 2008 WL 2781428, at *1 (Vt. May Term 2008). Prior to trial, the State dismissed the charge of disseminating indecent materials, "apparently because it was unable to locate the hard drive on defendant's computer." Id. A jury found Burke guilty on the two pending charges. The conviction was affirmed on appeal. Id.

Burke's current claims relate to the indecent materials charge. Specifically, he claims that Officer Duffy confiscated a credit card that was allegedly used to access internet porn, but never revealed the result of any investigation relating to the card. Burke argues that Officer Duffy failed to disclose this information because it constituted "contrary evidence," and that Duffy lied under oath about his investigation. (Paper 4-1 at 1).

The second set of claims relates to Burke's arrest and prosecution for an alleged sexual assault on a twenty-one year

old woman. In that case, Burke claims that Duffy made false statements in the investigation report, "twisted, slanted and fabricated [the] Affidavit for a search warrant," asked leading questions while interviewing the complainant, and made inaccurate and prejudicial statements in a deposition. Id. at 2-3. As of the most recent filings in this case, criminal proceedings with regard to the sexual assault charge were ongoing.

For relief, Burke asks the Court to "compel a stipulation that Def. Duffy fabricated evidence against plaintiff and also failed to disclose evidence in plaintiff's favor in violation of Brady." Burke also asks that his conviction in the first case be set aside. The Court has already ruled on, and dismissed, a habeas corpus petition with regard to Burke's conviction in the first case. See Burke v. State, File No. 1:08-CV-157.

Since filing his complaint, Burke has submitted four motions to amend. The first (Paper 7) asks the Court to convert his complaint to a petition under 28 U.S.C. § 2254. The second (Paper 8) seeks to bring claims against Officer Duffy in his "individual and personal capacity." The third (Paper 15), filed in response to the State's motion to dismiss, argues that the Court should not abstain from hearing this case, and seeks to add a speedy trial claim. Finally, the fourth motion (Paper 16) asks for leave to add a prayer for monetary damages, and to join

3

Officer Charles Cole as a defendant. The Court will address all pending motions below.

## Discussion

I. State's Motion To Dismiss

The first dispositive motion before the Court is the State of Vermont's motion to dismiss. The State moves pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Under either rule, the standard is essentially the same, "except that a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" Friedlander v. Port Jewish Ctr., 588 F. Supp. 2d 428, 430 (E.D.N.Y. 2008) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)) (internal quotations omitted).

When deciding a motion to dismiss under these rules, the Court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. See Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The motion should be denied if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). In accordance with this standard, the plaintiff is required, "at a bare minimum, . . . [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

The State first argues, presumably pursuant to Rule 12(b)(1), that it is immune from suit under the Eleventh Amendment. The Eleventh Amendment prohibits suits for damages brought in federal court against unconsenting states or state officials sued in their official capacities. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). A state may waive its Eleventh Amendment immunity so long as the waiver is unequivocally expressed. Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985). Additionally, Congress may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

Congress has not abrogated Vermont's sovereign immunity from a § 1983 suit in federal court, and the State of Vermont has expressly preserved its sovereign immunity under the Eleventh Amendment. See, e.g., 12 V.S.A. § 5601(g). Because the Eleventh Amendment protects the State of Vermont regardless of the nature

of the relief sought, the claims against the State must be
DISMISSED. Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Furthermore, Burke does not allege any wrongdoing by the
State or its agents. The claims in the complaint focus on
Officer Duffy, a member of the Burlington Police Department.
Although Duffy was also a member of a Special Investigations
Unit, there is no suggestion in the record that this unit was an
arm of state government or law enforcement. Accordingly, the
State's motion to dismiss (Paper 11) is GRANTED, and all claims
against the State of Vermont are DISMISSED.

II. Duffy's Motion For Summary Judgment

Also before the Court is Officer Duffy's motion for summary
judgment. With regard to Burke's first arrest, Duffy argues that
all claims are barred under the principles set forth by the
Supreme Court in Heck v. Humphrey, and that the undisputed facts
do not support a Brady claim. As to the second arrest, Duffy
contends (1) that any alleged misstatements in investigative
reports were authored by another officer, (2) that Burke's claim
is untimely, (3) that the claims with regard to Duffy's
deposition are meritless, and (4) that the Court should abstain
from granting injunctive relief.

A. Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a
motion for summary judgment may not be granted unless the Court

6

determines that there is no genuine issue of material fact to be tried, and that the undisputed material facts warrant judgment for the moving party as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006); Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006). The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of that party's case on which it bears the burden of proof at trial. Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003). Under this Court's Local Rules, all material facts that are set forth in the movant's statement of undisputed facts are deemed to be admitted unless controverted by the non-movant's statement of disputed facts. L.R. 7.1(c)(1)-(3).

The non-moving party must put forth "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, courts are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is

sought. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). Nevertheless, a party opposing a motion for summary judgment cannot rely on mere speculation or conjecture. See, e.g., Conroy v. N.Y. State Dep't of Corr. Servs., 333 F.3d 88, 94 (2d Cir. 2003). Moreover, "proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment." See Viscusi v. Proctor & Gamble, 2007 WL 2071546, at * 9 (E.D.N.Y. July 16, 2007).

Burke has not responded to Duffy's cross-motion for summary judgment, and specifically has not challenged any of the assertions set forth in Officer Duffy's statement of undisputed facts.

B.  Heck v. Humphrey

Officer Duffy argues that Burke's claims with respect to the first arrest and eventual conviction are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a claim is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Officer Duffy contends that because Burke was convicted after his first arrest,

and since his conviction has not been invalidated, the rule in Heck applies.

Burke's claims are that Duffy withheld evidence and lied about his alleged internet porn purchase. The charge relating to that purchase, however, was ultimately dropped by the prosecution. To the extent that the credit card investigation might have called into question the complainant's credibility, Burke can offer only speculation as to whether her impeachment would have undermined the other charges. Consequently, nothing arising out of Duffy's actions "necessarily implies" the invalidity of a conviction, Heck does not apply, and the Court will not dismiss the complaint on this basis. 512 U.S. at 487; McKithen v. Brown, 481 F.3d 89, 102 (2d Cir. 2007).

C. Brady Violation

Burke's claim under Brady v. Maryland, 373 U.S. 83, 87 (1963) is that Duffy withheld evidence pertaining to the use of the credit card. The claim implies that, had the police disclosed this evidence, it would have shown that he never used it to access a pornographic website. As noted above, the claim also suggests that the evidence could have been used to attack the complainant's allegations.

A valid Brady claim has three components: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have

9

been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." See Stickler v. Greene, 527 U.S. 263, 281-82 (1999). As Officer Duffy notes in his undisputed affidavit and the Supreme Court confirmed in its ruling on direct appeal, the charge of disseminating indecent material was dropped prior to trial because the State was unable to locate the computer's hard drive. (Paper 13-3 at 1); Burke, 2008 WL 2781428, at *1. Accordingly, any evidence or testimony with regard to such dissemination would not have been exculpatory.[1]

Burke also claims that Duffy lied at trial when he testified that he never ran the card's history. Burke apparently suspects that the card was investigated, but that the history contradicted the complainant's story and was therefore never revealed to the defense. He does not explain, however, why the defense itself did not use the credit card report if it was, in fact, useful as a tool for impeachment. Presumably, as the cardholder, Burke had access to the report and could have provided it to his attorney.

Consequently, the Court does not find that the alleged Brady violation was prejudicial. The Second Circuit has held that, "strictly speaking, there is never a real 'Brady violation' unless the nondisclosure was so serious that there is a

---

[1] The Court reached this same conclusion in denying Burke's petition for a writ of habeas corpus. See Burke v. State, File No. 08-157 (Paper 20 at 15-17).

reasonable probability that the suppressed evidence would have produced a different verdict." Here, Burke's claims center on a charge that was never brought to trial. Based upon the record at summary judgment, he has failed to show that disclosure of the credit card report violated his due process rights, and that such disclsoure would have, with a "reasonable probability," resulted in a different verdict. Stickler, 527 U.S. at 281. Burke's claims against Officer Duffy with respect to the first arrest are therefore DISMISSED.

D. False Statement Claims and Abstention

With regard to the second arrest, Burke claims that Officer Duffy incorrectly stated in an investigation report that Burke had "'transported Children across State lines for the purpose of engaging in a sexual act,'" and had prior "'drug offenses'". (Paper 4-1 at 2). Burke also alleges that Duffy made a misleading statement in an affidavit for a search warrant. Id.

In his summary judgment affidavit, Duffy states that he "did not prepare an investigation report or an affidavit in connection with the investigation into the allegations against the Plaintiff." (Paper 13-3 at 2). He asserts that he was assisted in the investigation by Officer Charles Cole of the Colchester Police Department, and that it was Officer Cole who applied for a warrant, prepared an affidavit of probable cause, and wrote the

investigation report.  Id.  Given these undisputed facts, Burke's allegations against Officer Duffy appear to be misplaced.

Burke also claims that Duffy and Cole asked leading questions when interviewing the complainant.  Although the interview was allegedly made in a deposition exhibit over Burke's objection, there is no indication that the interview has been or will be used by the state court.

Burke next alleges that Duffy made several statements in his deposition that were either violations of a court order or untruthful.  Specifically, Burke claims that Duffy called the complainant a "victim" and Burke a "rapist," thereby violating a state court order barring use of the term "victim."  (Paper 4-1 at 3).  Duffy responds that the order only pertained to trial testimony, and that his single use of the term "victim" was when reading a lab report.  Duffy further denies having referred to Burke as a "rapist" or as the person who raped the complainant.  (Paper 13-3 at 2-3).  Consequently, the undisputed record again suggests that Burke's claims are misplaced.

Even assuming that Burke's claims have merit, the Court must address the question of abstention.  For relief, Burke asks the Court to "compel a stipulation that Def. Duffy fabricated evidence against plaintiff."  (Paper 4-1 at 3).  He also seeks a stipulation regarding a Brady violation, and asks the Court to vacate his conviction.  These latter claims plainly pertain to

the first arrest, and those claims have been dismissed.  Burke's fabrication of evidence stipulation, however, arguably refers to the second arrest, and would therefore impact an ongoing state court criminal proceeding.

With respect to that proceeding, Duffy argues that the Court must refrain from granting Burke his requested relief pursuant to the Supreme Court's holding in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  "Under <u>Younger</u>, federal courts, in the interest of comity, must abstain from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction."  <u>Washington v. County of Rockland</u>, 373 F.3d 310, 318 (2d Cir. 2004) (citing <u>Trainor v. Hernandez</u>, 431 U.S. 434 (1977)).  The <u>Younger</u> decision itself held that federal courts must abstain where the exercise of federal authority would "unduly interfere with the legitimate activities of the States."  401 U.S. at 44.

<u>Younger</u> abstention is required when three conditions are met: (1) there is a pending state proceeding; (2) the proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.  <u>See Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 100-01 (2d Cir. 2004).  This case meets all three conditions.  First, the parties report that there is a pending state proceeding.  Second, it is

well established that a criminal proceeding in state court implicates important state interests. See <u>Hansel v. Town Court for Town of Springfield, N.Y.</u>, 56 F.3d 391, 393 (2d Cir. 1995). Finally, if Burke wants to challenge Officer Duffy's statements, or allege violations of a state court order, he can certainly do so in his criminal case. See <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.").

Accordingly, Officer Duffy's motion for summary judgment (Paper 13) is GRANTED. The Court will abstain from hearing Burke's claims with regard to his second arrest, and will not compel any sort of stipulation that would interfere with Burke's state court criminal case.

IV. <u>Motions To Amend</u>

Burke has submitted four motions to amend his complaint. The first asks the Court to "amend or convert this 42 U.S.C. § 1983 to a federal habeas corpus so that the issues complained about can be litigated and ruled on." (Paper 7 at 1). Burke has already been denied habeas corpus relief on his first arrest, and he has offered no reason why a second petition on that same conviction would not be futile. See 28 U.S.C. § 2244(b)(2).

As to the second arrest, Burke's habeas claim is not yet ripe. A federal habeas corpus proceeding challenges the fact or

14

duration of the plaintiff's custody.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).  Burke is not challenging his custody in the second case, but is instead asking the Court to compel certain factual statements from Officer Duffy.  The first motion to amend (Paper 7) is therefore DENIED.

The second motion to amend (Paper 8) asks for leave to name Officer Duffy in "his individual and official capacity."  In light of Duffy's successful motion for summary judgment, the motion is DENIED as moot.

Burke's third motion to amend (Paper 15) responds to the defendants' abstention argument, and moves to add a speedy trial claim.  The speedy trial issue calls for Younger abstention as well.  See, e.g., Houston v. Horn, 2007 WL 2993846, at *1 (E.D.N.Y. Oct. 10, 2007) (speedy trial claim barred by Younger).  Specifically, a speedy trial ruling would interfere with an ongoing criminal proceeding in which Burke can certainly raise the issue.  Furthermore, Burke has not shown that he will suffer "irreparable harm" if the Court abstains from resolving his speedy trial claim.  See Younger, 401 U.S. at 46.

Perhaps in an effort to avoid abstention, Burke asserts that the State and Officer Duffy have generally denied him his Fourteenth Amendment rights and a speedy trial in "bad faith." See Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("the Court in Younger left room for federal equitable intervention in a state

criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution . . ."). In order to successfully invoke a Younger exception "the defendant in a criminal case must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct." Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). Burke's general claims of "bad faith" by "respondents," in a motion that was also filed in three other cases, is thus insufficient. The third motion to amend (Paper 15) is, therefore, DENIED.

Burke's final motion to amend (Paper 16) requests leave to add Officer Charles Cole as a party, and to bring claims for compensatory and punitive damages. Burke has already sued Cole for injunctive relief, and his claims were dismissed by Chief Judge Sessions on abstention grounds. Burke v. State of Vermont, et al., File No. 2:09-CV-17 (Paper 25). Burke's current motion does not assert any facts to support a claim against Cole, and fails to satisfy the minimal requirements of Local Rule 15.1. The motion to amend to add Cole as a party is, therefore, DENIED.[2]

---

[2] Even if the Court were to grant the motion to add Cole as a party, it would need to consider whether, as Officer Duffy argues, Burke's claims are time barred. Of course, without any factual allegations the Court is unable to undertake that analysis.

As to any damages claims, there do not appear to be grounds for such claims. As discussed above, the State of Vermont is immune from suit in federal court. With respect to Officer Duffy, there is no basis for a <u>Brady</u> claim, and any claims of wrongful statements are misplaced. The motion to amend to add claims for damages is, therefore, DENIED.

<u>Conclusion</u>

For the reasons set forth above, the State's motion to dismiss (Paper 11) and defendant Duffy's motion for summary judgment (Paper 13) are GRANTED. Plaintiff Burke's motion for summary judgment (Paper 12) is DENIED as moot, and his motions to amend the complaint (Papers 7, 8, 15 and 16) are DENIED. This case is DISMISSED.

Dated at Brattleboro, in the District of Vermont, this 14th day of December, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge
